**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA NURCZEWSKA, | No. 12-55309 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-01668-RGK-SP |
| v. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION; JPMORGAN CHASE BANK, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted June 5, 2013
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and STEIN, District Judge.**

Plaintiff-Appellant Barbara Nurczewska appeals the dismissal of her first

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

amended complaint without leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Nurczewska's argument to set aside the foreclosure sale based upon California's deed-of-trust statutes is misplaced. An agreement between the lender and a non-trustor third party, like Nurczewska, does not void the sale. See Nguyen v. Calhoun,129 Cal. Rptr. 2d 436, 450 (Cal. Ct. App. 2003) (holding that a "non-statutory postponement . . . does not constitute an irregularity in the foreclosure proceeding itself" that could justify setting aside a foreclosure sale).

Nurczewska's breach of contract claim fails for lack of consideration. Consideration requires a bargained for detriment or benefit. Steiner v. Thexton, 226 P.3d 359, 366 (Cal. 2010). None of Nurczewska's actions was taken at Appellees' request. Therefore, they are not consideration for the oral promise to postpone the foreclosure sale.

While the fact that Nurczewska's reliance on Freddie Mac's promise to postpone the foreclosure sale may support a standalone claim for promissory estoppel, it does not save Nurczewska's contract claim. The California Supreme Court "repeatedly has recognized the claims not only as distinct or alternative theories of recovery but also as mutually exclusive." Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc., 149 Cal. Rptr. 3d 440, 450 (Cal. Ct. App. 2013); see also

2

id. (collecting cases distinguishing between the two causes of action). However, at oral argument Nurczewska's counsel expressly disclaimed any intent to amend the complaint to include a claim for promissory estoppel.

Nurczewska's fraud claim fails because she did not suffer any "out-of-pocket" damages. See Fragale v. Faulkner, 1 Cal. Rptr. 3d 616, 622 (Cal. Ct. App. 2003).

Nurczewska's negligence claim fails because Freddie Mac did not owe Nurczewska a duty of care. Unless a financial institution steps out of its traditional role as a lender, it does not owe a duty of care to a borrower. See, e.g., Nymark v. Heart Fed. Savings & Loan Ass'n, 283 Cal. Rptr. 53, 59 (Cal. Ct. App. 1991). Given that Freddie Mac owed no duty to the actual homeowners in considering whether to forego its rights as a lender, we believe it stands a fortiori that it did not owe a duty to a prospective purchaser. Nurczewska's reliance on U.S. Liability Insurance Co. v. Haidinger-Hayes, 463 P.2d 770 (1970), is unpersuasive because Freddie Mac is not her fiduciary.

According to counsel, Nurczewska's requests for a declaratory judgment and to reinstate the lis pendens are now moot. Therefore, we do not address these arguments.

3

Finally, the district court properly dismissed Nurczewska's complaint without leave to amend. Apart from failing to present her proposed amendments to the district court, we have considered Nurczewska's proposed amendments and conclude that they lack merit.

AFFIRMED.

4